Chicago Daily News Co. v. Jackson & Semmelmeyer, 202 Ill. App. 341.

## Abstract of the Decision.

1. GUARANTY, § 35*—*who has burden of proving notice to guarantor of nonpayment of rent.* In an action for rent due under a lease against one who, by indorsement on the lease, had guarantied payment upon condition that notice of nonpayment by the lessee should be given him within ten days after nonpayment, *held* that the receipt of such notice by the defendant was a condition precedent to recovery, and that the burden of proof that it was so received by him was on the plaintiff.

2. GUARANTY, § 325*—*when proof of notice to guarantor of rent insufficient.* In an action against one who had guarantied payment under a lease, provided that notice of failure of the lessee to pay be given the guarantor within ten days after such failure, *held* that mere proof of mailing such notice within ten days without proof that the defendant had received it within that period was insufficient to sustain a judgment for the plaintiff.

---

## Chicago Daily News Company, Appellee, v. Jackson & Semmelmeyer, Corporation, Appellant.

### Gen. No. 21,994.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 30, 1916.

## Statement of the Case.

Action in assumpsit by the Chicago Daily News Company, a corporation, plaintiff, against Jackson & Semmelmeyer, a corporation, defendant, to recover for an advertisement published by plaintiff for defendant. From an order denying a motion to vacate a judgment for plaintiff, defendant appeals.

FRED D. JACKSON, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

342    APPELLATE COURTS OF ILLINOIS.

Chicago Daily News Co. v. Jackson & Semmelmeyer, 202 Ill. App. 341.

JOHN J. SYMES, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

JUDGMENT, § 277*—*when denial of motion to vacate is proper.* Where notice to place a cause on the short-cause calendar was given by plaintiff to defendant and filed with the clerk on Friday, May 28th, and the cause was heard and judgment entered against defendant, Tuesday, June 8th, eleven days thereafter, although the rules of court designated Monday as the day of the week on which such cases were set for trial and Thursday, eleven days before such Monday, as the day on which service of the notice to place on such calendar should be filed, and defendant filed a motion to vacate such judgment accompanied by an affidavit based on the statement that it believed that because of the giving of such notice on Friday instead of on Thursday his cause would not be heard before Monday, June 14th, plaintiff did not resist such motion and the court suggested that it should be allowed, but defendant, for some undisclosed reason, withdrew the motion, pursuant to which an order, of the withdrawal was entered and execution on the judgment issued, the court did not abuse its discretion in denying a second motion to vacate such judgment made on the following day, where no additional grounds were assigned and no explanation given for defendant's change of attitude.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.